# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## Civil Action No. 5:20-cv-00649

| | |
|---|---|
| AUDRA HOLLAND, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) **JURY TRIAL DEMANDED** |
| MONARCH RECOVERY MANAGEMENT, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Audra Holland ("Plaintiff") for statutory damages and civil penalties against the Defendant Monarch Recovery Management, Inc. ("Defendant"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and the North Carolina Collection Agency Act, N.C.G.S. §§ 58-70-1 *et seq.* ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices, and threatening action not permitted by law.

### II. JURISDICTION

2. Venue is proper in this district as all relevant events took place here.

3. Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

## III. PARTIES

4. Plaintiff Audra Holland is an individual who resides in Benson, North Carolina.

5. Ms. Holland allegedly incurred a debt.

6. Ms. Holland is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Ms. Holland is a "consumer" as defined by the NCCAA, N.C.Gen.Stat. § 58-70-90(2).

8. Defendant is a corporation and collection agency with its principal office in Bensalem, Pennsylvania.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

10. Defendant regularly attempts to collect consumer debts alleged to be due to another.

11. Defendant engages, directly or indirectly, in debt collection from consumers.

12. Defendant holds a collection agency permit issued by the North Carolina Department of Insurance.

13. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14. Defendant was and is a "collection agency" as defined by the NCCAA, N.C.Gen.Stat. §§ 58-70-15(a) and 58-70-90(1)..

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff Audra Holland

15. Due to a marriage, Ms. Holland was previously known as Audra Luckham.

16. Due to a marriage, Ms. Holland was previously known as Audra Cotten.

17. Ms. Holland used a Synchrony Bank "Paypal" credit card to make purchases of personal and household items.

18. Ms. Holland was unable to maintain timely payments toward the Synchrony Bank "Paypal" credit card, resulting in a balance allegedly owed ("the Debt").

19. The Debt was incurred for personal, family, or household purposes, *e.g.*, clothing.

20. Defendant obtained the Debt after it entered default.

21. By correspondence dated December 4, 2019, Defendant arranged for the preparation and transmittal of a letter to Ms. Holland at her residence in an attempt to collect the Debt. Defendant's December 4, 2019, letter to Ms. Holland is attached hereto as Exhibit A.

22. Exhibit A was addressed to Audra Luckham.

23. Exhibit A referred to the Debt.

24. Exhibit A contains, "This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK. Exhibit A.

25. Exhibit A contains, "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid."

26. Exhibit A was the initial communication from Defendant to Ms. Holland regarding the Debt.

27. As explained below, and as found by the Second, Fourth, and Ninth Circuits, the FDPCA affords consumers the right to dispute the debt to prevent the collector from assuming the debt is valid, and that dispute may be made orally or in writing.

28. Defendant's Exhibit A narrows the consumer's right to dispute a debt to a right to dispute a debt only in writing. Indeed, a writing requirement was unilaterally imposed by Defendant – a requirement that violates the FDCPA.

29. Upon information and belief, Defendant made additional attempts to collect from Plaintiff, both by mail and telephone.

30. Plaintiff demands a trial by jury over all claims.

**B.     The Fair Debt Collection Practices Act**

31. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

32. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*,

98 F.3d 131, 135 (4th Cir. 1996).

33. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

34. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

35. To prevent the debt collector from assuming the debt valid, the FDCPA requires the consumer to dispute the debt - orally or in writing. 15 U.S.C. § 1692g(a)(3). Indeed, Section 1692g(a)(3) does not contain a writing requirement. However, Defendant's use of its form letter, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the Debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity. *See Clark v. Absolute Collection Serv.*, 741 F.3d 487, 491 (4th Cir. 2014); *Hooks v. Forman*, 717 F.3d 282, 286 (2d Cir. 2013); *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

**C. The North Carolina Collection Agency Act**

36. The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.* N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f. As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection

agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See supra*, ¶¶ 29-31.

37. North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard ... than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. Defendant's violations of the FDCPA include, but are not limited to:

   A. using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

   B. threatening to take any action not permitted by law, in violation of 15 U.S.C. § 1692e(5); and

   C. falsely representing that a consumer's dispute of the alleged debts must be "in writing", in violation of 15 U.S.C. § 1692g(a)(3).

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI. COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
42. Defendant's violations of the NCCAA include, but are not limited to:

   A. collecting or attempting to collect a debt alleged due and owing from a consumer by means of any unfair threat, coercion or attempt to coerce, in violation of N.C.G.S. § 58-70-95;

   B. threatening to take any action not permitted by law, in violation of N.C.G.S. § 58-70-95(8); and

   C. collecting a debt by fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110.

48. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of civil penalties, costs, and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Audra Holland requests that judgment be entered in her favor against Defendant Monarch Recovery Management, Inc. for:

   A. Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

   B. Civil penalties in the amount of $500 - $4,000 for each violation, pursuant to N.C.G.S. § 58-70-130(b);

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.G.S. § 75-16.1; and

   D. For such other relief as the Court may find to be just and proper.

December 2, 2020

/s/ Craig M. Shapiro
Craig M. Shapiro (State Bar # 48887)
Koury L. Hicks (State Bar # 36204)
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd, Suite D
Durham, North Carolina 27705
(919) 286-1695
(919) 286-2704 (facsimile)
cshapiro@johnorcutt.com
khicks@johnorcutt.com

ATTORNEYS FOR PLAINTIFF

3260 Tillman Drive, Suite 75
Bensalem, PA 19020
RETURN SERVICE REQUESTED

# MONARCH
### Recovery Management, Inc.
Toll Free 1(844) 280-6009

| | |
|---|---|
| Account #: | ************0382 |
| Monarch File #: | ▓▓9870 |
| Balance: | $2589.94 |

December 4, 2019

AUDRA LUCKHAM
3826 BENSON HARDEE RD
BENSON NC 27504-6186

Make Check Payable to: Monarch Recovery

MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 986
BENSALEM PA 19020

Pay Online ACH accepted: www.monarchrm.com and click 'Make a Payment'

\* Detach and Return Top Portion to Expedite Processing \*

| ACCOUNT INFORMATION | | | |
|---|---|---|---|
| Date of letter: | December 4, 2019 | Creditor: | SYNCHRONY BANK |
| Account #: | ************0382 | | |
| Monarch File #: | ▓▓9870 | Additional Information: | PayPal |
| Balance: $2589.94 | | | Synchrony Bank |

This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK .

The account balance is $2589.94.

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

Yours truly

**MATT FITHIAN DEBT COLLECTOR**
**TOLL FREE 844-280-6009**

North Carolina Permit #103751.

392CZMORM01_1_419997532

Exhibit A